Ashcraft v. Roberts & Schaeffer Const. Co., 155 Ill. App. 88.

completed in Pennsylvania; that the minds of the parties met and the trade was consummated and the goods delivered in that state. A transaction of this character constitutes interstate commerce and cannot be controlled by the laws of this state.

We are of opinion that the evidence fails to show that the appellee company was doing business or exercising any of its corporate powers within this state, within the meaning of the statute relative to foreign corporations.

The judgment of the county court will be affirmed.

*Affirmed.*

---

### Charles Ashcraft, Appellee, v. Roberts & Schaeffer Construction Company, Appellant.

1. MASTER AND SERVANT—*when former not obligated to furnish safe place to work.* One exception universally recognized to the obligation of the master to exercise reasonable care to furnish a reasonably safe place for his servant to work, is where the conditions are changing from time to time in the prosecution of the work. If the nature of the work is such as to produce changes and temporary conditions in the place where the work is performed, the master is not required to exercise reasonable care to keep such place reasonably safe under such changed conditions which the work renders necessary.

2. MASTER AND SERVANT—*when former not obligated to warn.* The master is under no duty to warn or instruct a servant as to dangers which were almost necessarily attendant upon his work and of which he was warned by the very nature of his employment.

Action in case for personal injuries. Appeal from the City Court of Pana; the Hon. JOSIAH P. HODGE, Judge, presiding. Heard in this court at the May term, 1909. Reversed. Opinion filed March 30, 1910.

GRAHAM & GRAHAM, for appellant.

McGINLEY & WILEY, and JOHN W. PREIHS, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in case for the recovery of damages alleged to have been sustained by the plaintiff through the negligence of the defendant while he was in its employ. A trial by jury resulted in a verdict for plaintiff for $1,000, to reverse which this appeal is prosecuted by the defendant. The negligence charged in the declaration is, first, the failure of the defendant to furnish the plaintiff with a reasonably safe place in which to work; second, negligently ordering the plaintiff to work in an unsafe place, of the dangers of which the plaintiff was ignorant, and of which the defendant had actual or constructive notice, and the failure to give the plaintiff notice of the unsafe conditions existing in and about said place; and third, the failure of the defendant upon being told by the plaintiff that he was inexperienced, to instruct him as to his duties.

The evidence discloses that shortly prior to May 4, 1908, the Penwell Mining Co. contracted with the defendant for the erection of a new tipple to be used in connection with its mine at Pana, Illinois. In the erection of the new tipple it became necessary to tear down one which had been in temporary use for several months. The plaintiff had been employed for about a month prior to the accident, as a day laborer, doing general work under the direction of Layman, the defendant's foreman. For a day or two prior to the accident he had been engaged in tearing down the temporary tipple, which was built next to the shaft, in two sections, on the south and west sides thereof. It consisted of heavy uprights, at the corners, upon which timbers were set crosswise from one post to the other. On the cross-pieces joists were nailed. The floor of the tipple was laid on these joists and consisted of pieces laid across and fastened to the joists and extending out over them at either end. The west section of the tipple had been torn down by one Rollo and the

plaintiff, under the direction and with the assistance of Layman, the defendant's foreman. On the day of the accident they had started to tear down the section on the south side, and had pried some of the floor timbers loose from the joists with a crow-bar. Rollo then proceeded to lower the loose boards by means of a rope which was tied to the middle of a piece and then wrapped around an upright on the platform, Rollo holding the other end of the rope in his hand. When the pieces reached the ground, Ashcraft untied the rope and carried the pieces back. After they had lowered several pieces in this manner, and while Ashcraft was untying the rope upon the timber last lowered to the ground, one of the joists fell, striking Ashcraft on the back of the head and severely injuring him.

Ashcraft testified that he had no previous experience at the work of tearing down a tipple; that Layman directed him and Rollo to tear down the tipple; that he, Ashcraft, told Layman he knew absolutely nothing about tearing down a tipple, and that Layman told him he did not have to know anything about it; to take the rope and let the pieces down; to get the rope and wrap it around the timbers, and that they were doing it the way he told them at the time of the accident; that he, plaintiff, was not a carpenter and had had nothing to do with the erection of the tipple, and knew nothing about how it was erected; that he did not inspect the joists as to how they were fastened, and could not tell how they were fastened from his position on the ground, and could not see from the top without making a particular inspection because the end of the flooring extended out a considerable distance past the joists. There was evidence tending to show that the joist which fell and injured the plaintiff was not properly nailed to the cross-pieces on which it rested, and that the floor was not securely nailed to the joists.

At the close of the plaintiff's evidence, and at the

close of all the evidence, the defendant moved the court for a peremptory instruction in its favor, for the reason, among others, that the plaintiff assumed the risk of the injury sustained by him, as an incident to his employment. The refusal to give such instruction is the only error assigned which we deem it necessary to consider. Under the foregoing facts it is well settled that no general duty rested upon the defendant to furnish the plaintiff with a reasonably safe place in which to work. In the recent case of Village of Montgomery v. Robertson, 229 Ill. 466, the principle is stated as follows: "There is a general rule that a master must exercise reasonable care to furnish a reasonably safe place for his servants to work, but that rule is subject to limitations and exceptions. One exception universally recognized, is that the general rule does not apply where the conditions are changing from time to time in the prosecution of the work. If the nature of the work is such as to produce changes and temporary conditions in the place where the work is performed, the rule does not require the master to keep the place reasonably safe under such changed conditions which the work renders necessary. Thompson on Negligence, sec. 3875. In such a case the master does not make or create the place or conditions, but they are created by the progress of the work and the workmen engaged in it."

The plaintiff's right of recovery, if any, must therefore be predicated upon the alleged negligence of the defendant in failing to warn the plaintiff of the unsafe conditions existing in and about the structure upon which he was ordered to work, or in failing to instruct him as to his duties. The evidence shows that the plaintiff was 28 years of age; had had a varied experience, as a farm worker, miner, hoisting engineer, fireman, and had been for several weeks employed by the defendant as a general laborer; had worked in concrete, handled timbers, shoveled dirt, and had assisted

in tearing down a part of the structure in and about which he was injured. The structure was exceedingly simple, consisting of but uprights supporting cross-pieces, which in turn supported joists to which the flooring was spiked. To hold that under these circumstances a duty rested upon the defendant either to warn or instruct the plaintiff as to his duties, or as to the danger which was almost necessarily attendant upon the work, and of which he was warned by the very nature of his employment, would be unreasonable and unwarranted by law. No one was better qualified or had a better opportunity to ascertain the surrounding conditions when he started to work, than the plaintiff himself.

We therefore hold that the risk of injury was one which the plaintiff assumed as incident to his employment, and the clerk of this court will embody in the judgment such finding of fact as a part thereof. The judgment of the circuit court will be reversed without remanding the cause.

*Reversed.*